UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Allstate Vehicle and Property Insurance Company, <br><br> Plaintiff, <br><br> vs. <br><br> Savannah Moore, Trenton Moore, and Rachel Parr and Graham Parr, Individually, and as Parents and Guardians of O.P., a minor under the age of One, <br><br> Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** <br> (Non-jury) |

Plaintiff Allstate Vehicle and Property Insurance Company ("Allstate"), by and through its undersigned counsel, complaining of the Defendants Savannah Moore, Trenton Moore, and Rachel Parr and Graham Parr, Individually, and as Parents and Guardians of O.P., a minor under the age of One respectfully alleges and states as follows:

### BACKGROUND

1. Allstate is an insurance company organized and existing under the laws of the state of Illinois, with its principal place of business in the state of Illinois, and writes insurance policies in the state of South Carolina.

2. Defendant Savannah Moore is an individual who is a resident and citizen of Pickens County, South Carolina.

3. Defendant Trenton Moore is an individual who is a resident and citizen of Pickens County, South Carolina.

4. Defendants Rachel Parr and Graham Parr (Jointly "the Parrs") are individuals who are residents and citizens of Pickens County, South Carolina and are the natural parents and guardians of minor O.P., a minor under the age of One.

5. The loss and claims at issue in this case arise out of incidents that occurred in South Carolina. This case involves the interpretation of an insurance policy entered into in South Carolina and that insures interests in South Carolina.

6. Jurisdiction exists because there is complete diversity of citizenship between Allstate and the Defendant, and the amount in controversy, including the potential costs of defending the Defendant, potentially exceeds $75,000.00. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7. Venue is appropriate under 28 U.S.C. § 1391 because the policy at issue in this case insures property that is located in this district and was issued in this district.

8. This is an insurance coverage action brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. §§ 2201-2202, and Federal Rule of Civil Procedure 57 to determine whether Allstate has a duty to defend Savannah Moore, for all claims related to and arising out of the actions alleged in the underlying lawsuit styled *Rachel Parr, and Graham Parr, individually and as Parents and Guardians of O.P, a minor under the age of One v. Savannah Moore*, currently pending in the Court of Common Pleas for Pickens County, South Carolina ("Underlying Lawsuit"). A true and correct copy of the complaint in the Underlying Lawsuit is attached as **Exhibit A**, and the allegations of the complaint are incorporated as if fully stated here.

## FACTUAL BACKGROUND

A. **Underlying Lawsuit**

9. The Parrs filed the Underlying Lawsuit against Savannah Moore ("Moore") for injuries sustained by O.P. (the "Minor") while in the custody and care of Moore.

10. Specifically, the complaint filed in the Underlying Lawsuit alleges the Minor was at the premises located at 406 S. 5th Street, Easley, South Carolina ("the Residence") and was an invitee on October 22, 2025.

11. Further, the complaint alleges that the Minor was in the care, custody, and control of Savannah Moore because she was supervising the Minor on that date.

12. Per the allegations of the complaint, while in Moore's care and custody, the Minor sustained a serious head injury, including a fractured skull, bruising and hemorrhagic striations on her face.

13. The Underlying Lawsuit contains a cause of action for negligence/gross negligence and contends Moore owed a duty to the minor child to protect her from harm, exercising supervision of the child and maintaining her home in a reasonably safe condition.

14. The Underlying Lawsuit contends that Moore was negligent, reckless, and grossly negligent in a number of respects, including: 1) failing to properly supervise minor O.P. while under her care; 2) in failing to maintain a safe environment free from hazards likely to cause injury to minor O.P.; 3) in failing to take adequate precautions to prevent foreseeable injury; and 4) in other ways discovery and testimony may reveal.

15. The Parrs contracted with Moore to provide Child Care Services for the Parrs two minor children in exchange for payment of $400 a week.

16. The injured minor child was on the insured premises receiving the contracted for Child Care Services.

17. Under the terms of the written contract, Moore is identified as the "Child Care Provider." Pursuant to the contract, she agreed to provide services including "constant supervision" and "ensuring the safety of the Children at all times."

18. Moore provided Child Care Services to the Parr's children from July 2025 through the date of the alleged incident on October 22, 2025.

19. Allstate is currently defending Savannah Moore in connection with the Underlying Lawsuit under a full reservation of rights.

### B. The Policy

20. Allstate issued House & Home Policy, policy number 835 437 083 to the named insureds Trenton Moore and Savannah Moore for the September 7, 2025 to September 7, 2026 policy period ("the Policy"). A true and correct copy of the Policy is attached as **Exhibit B**, and the terms of the Policy are incorporated as if fully stated here.

21. The Policy has a limit of insurance for Family Liability Protection of $300,000 per occurrence and Guest Medical Protection coverage with a limit of $5,000 each person.

22. The Policy provides:

> **Definitions Used in this Policy**
>
> Throughout this policy, when the following words appear in bold type, they are defined as follows:
>
> 3. **Business** – means:
>
> a) any full- or part time activity of any kind engaged in for economic gain including the use of any part of any premises for such purposes. The providing of home day care services to other than an **insured person** or relative of an **insured person** for economic gain is also a **business.**
>
> However, the mutual exchange of home day care services is not considered a **business**;

\*\*\*\*

6. **Insured Premises** – means:

a) the **residence premises**; and
b) under **Section II** only:
  1) the part of any other premises, other structures and grounds used by **you** as a residence. . .
  \*\*\*\*
  5) any premises used by an **insured person** in connection with the **residence premises**.

*Section II – Family Liability and Guest Medical Protection*

*Family Liability Protection – Coverage X*

*Losses We Cover Under Coverage X:*

Subject to the terms, conditions and limitations of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

\*\*\*\*

*Guest Medical Protection – Coverage Y*

*Losses We Cover Under Coverage Y:*

**We** will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services, ambulance, hospital, licensed nursing and funeral services, and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an **occurrence** causing **bodily injury** to which this policy applies, and is covered by this part of the policy.

Each person who sustains **bodily injury** is entitled to this protection when that person is:
1. on the **insured premises** with the permission of an **insured person**; or
2. off the **insured premises**, if the **bodily injury**:
  a) arises out of a condition on the **insured premises** or immediately adjoining ways;
  b) is caused by the activities of an **insured person** or a **residence employee**;
  c) is caused by an animal owned by or in the care of an **insured person**; or
  d) is sustained by a **residence employee**.

23.     Further, the Policy defines an "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**." "Bodily injury" is defined to mean "physical harm to the body, including sickness or disease . . . ."

24.     The Policy also includes several exclusions from coverage and specifically provides:

> *Losses We Do Not Cover Under Coverage X:*
>
> 11.  **We** do not cover **bodily injury** or **property damage** arising out of the rendering of, or failure to render, professional services by an **insured person**.
>
> 12.  **We** do not cover **bodily injury** or **property damage** arising out of the past or present **business** activities of an **insured person**.
>
> 15. We do not cover any liability an insured person assumes out of any contract or agreement.
>
> **We** will not apply this exclusion to **bodily injury** or **property damage** arising from the occasional or part-time **business** activities of an **insured person** who is a student under 21 years of age who is self-employed and has no employees.
>
> \*\*\*\*
>
> *Losses We Do Not Cover Under Coverage Y:*
>
> 9.     **We** do not cover **bodily injury** arising out of the rendering of, or failure to render, professional services by an **insured person**.
>
> 10.    **We** do not cover **bodily injury** arising out of the past or present **business** activities of an **insured person**.
>
> **We** will not apply this exclusion to **bodily injury** arising from the occasional or part-time **business** activities of an **insured person** who is a student under 21 ears of age who is self-employed and has no employees.

      11.    **We** do not cover **bodily injury** to any person on the **insured premises** because of a **business** activity or professional service conducted there.

25.    The childcare services provided by Moore through her contract with the Parrs is a "business" as defined by the Policy.

26.    Moore is an "insured person" under the Policy.

27.    The Minor was on the insured premises with the permission of Moore.

28.    Moore's duty to care for the Minor arose out of a contract with the Parrs.

29.    The injuries sustained by the Minor arose out of Moore's business activities pursuant to the contract.

30.    Pursuant to these exclusions, the Policy provides no Family Liability protection or Guest Medical Protection Coverages for the injuries sustained by the Minor.

31.    Allstate is entitled to a judicial declaration that it owes no duty to defend Savannah Moore with regard to the claims against her in the Underlying Lawsuit.

## FOR A FIRST DECLARATION
### (Business Activities Exclusion)

32.    The allegations contained in the foregoing paragraphs are incorporated as if fully stated herein.

33.    Under Coverage X, the Policy excludes coverage for "**bodily injury** [] arising out of the past or present **business** activities of an **insured person**." Under Coverage Y, the Policy excludes coverage for "**bodily injury** arising out of the past or present **business** activities of an **insured person**."

34. The Policy defines a "business" as "any full or part-time activity of any kind engaged in for economic gain including the use of any part of any premises for such purposes" and "[t]he providing of home day care services to other than an **insured person** or relative of an **insured person** for economic gain is also a **business**" and for "**bodily injury** to any person on the **insured premises** because of a **business** activity [] conducted there."

35. The home day care business fits squarely within the definition of "business" under the Policy.

36. The injuries and damages alleged in the Underlying Lawsuit arise out of the home day care business that was being run by Savannah Moore at the Residence.

37. Accordingly, because there is no coverage under the Policy, no duty to defend Savannah Moore arises under the Policy, and Allstate is entitled to a declaration from this Court that it has no defense obligations under the Policy in connection with the claims alleged in the Underlying Lawsuit because coverage is barred by this exclusion.

## FOR A SECOND DECLARATION
### (Contract Exclusion)

38. The allegations contained in the foregoing paragraphs are incorporated as if fully stated herein.

39. Under Coverage X, the Policy excludes coverage for "any liability an **insured person** assumes arising out of any contract or agreement."

40. The Parrs and Moore entered into a written contract whereby the Parrs paid Moore $400 a week to provide Child Care Services.

41. Pursuant to the contract, Moore's Child Care Services included "constant supervision" and "ensuring the safety of the Children at all times."

42. The liability alleged against Moore arises from her breach of duties owed to the Minor under her contract with the Parrs.

43. Accordingly, because there is no coverage under the Policy, no duty to defend Savannah Moore arises under the Policy, and Allstate is entitled to a declaration from this Court that it has no defense obligations under the Policy in connection with the claims alleged in the Underlying Lawsuit because coverage is barred by this exclusion.

WHEREFORE, a justiciable controversy exists between the parties in this action arising out of these claims. Therefore, Allstate asks this Court to construe and determine the rights of the parties and to declare whether:

a. The Policy issued by Allstate to Trenton Moore and Savannah Moore provides Family Liability or Guest Medical coverage for the claims asserted in the Underlying Lawsuit; and

b. Allstate has a duty to defend Defendant Savannah Moore for the claims asserted in the Underlying Lawsuit.

Allstate prays that it be granted the relief set forth above, the costs of this action, and any such other and further relief as this Court shall deem just and proper.

GALLIVAN, WHITE & BOYD, P.A.

By: *s/ A. Johnston Cox*
A. Johnston Cox (Fed. I.D. No. 6534)
1201 Main Street, Suite 1200
Post Office Box 7368
Columbia, South Carolina 29202
Telephone:  803-779-1833
Facsimile:   803-779-1767
jcox@GWBlawfirm.com

*Attorney for Allstate Property and Casualty Insurance Company*